# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:03CR00012-002 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MERRIE ELLEN REID,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Merrie Ellen Reid, Pro Se.*

Merrie Ellen Reid is a federal inmate convicted by a jury and sentenced by this court in 2003. She has submitted a letter that I have treated as a pro se motion to provide her with transcripts of her trial and sentencing without cost, in which she alleges that she is without funds and is contemplating filing a motion under 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

Under certain circumstances, an indigent person may obtain copies of court documents related to her criminal prosecution at public expense if she can show that she is contemplating some non-frivolous action in federal court and that the items requested are needed for just adjudication of such an action. *See* 28 U.S.C. § 753(f); *United States v. MacCollom,* 426 U.S. 317, 322 (1976); *Jones v. Superintendent, Va. State Farm,* 460 F.2d 150, 152 (4th Cir. 1972).

Reid was convicted and sentenced as a result of a bank robbery and related carjacking. The jury found her guilty of conspiracy to commit bank robbery, aiding and abetting an aggravated armed bank robbery, conspiracy to possess a firearm in furtherance of the robbery, aiding and abetting in the possession of a firearm in furtherance of the robbery, conspiracy to commit carjacking, aiding and abetting in carjacking, conspiracy to possess a firearm in furtherance of carjacking, and aiding and abetting in the possession of a firearm in furtherance of carjacking. *See* 18 U.S.C. §§ 2, 371, 924(o), 924(c), 2113, 2113(a), 2113(d), 2113(e), 2119, 3559(c). Reid was sentenced to 572 months of imprisonment, to be followed by a five-year term of supervised release. Her direct appeal was unsuccessful. *United States v. Reid*, 100 F. App'x 190 (4th Cir. 2004) (unpublished).

The basic facts of the case, as related by the court of appeals in the unsuccessful appeal of Reid's codefendant, William Ivon Turner, were as follows:

> Shortly before the close of business on December 26, 2002, Turner entered the Royal Oak branch of the Bank of Marion. Seated at her desk was Judy Cregger, the bank manager. Turner told her that he wished to open an account. As she approached him, he lifted his shirt to reveal a gun stuck in his belt, and said, "Ma'am, we're going to the vault." Cregger got the keys and led him to the vault. There he produced a pillowcase, ordering her to fill it with money. She placed some 12,000 one dollar bills in it, and told him that was all she had. The rest of the bank staff — no other customers were present — was unaware of the robbery until Turner, exiting the vault with the money, brandished his gun and ordered the tellers to get inside the vault. Once

they were all inside, he left the bank and joined his companion, Merrie Ellen Reid.

Cregger left the vault less than two minutes after Turner ordered the group inside and managed to see a large white car with Florida tags leave the parking lot. A witness arrived at the bank parking lot during the robbery and saw Turner get into the car. Turner and Reid headed north onto Interstate 81. At around 5:30 that evening, the police pulled the car over. They saw only Reid in the front seat. Before the officers could get a view of the back seat, Reid sped off. She eventually parked at a rural home after apparently having car trouble. Living there was eighteen-year old Sean Hildreth, whom she asked for a ride to the store. He agreed. Before he pulled away, Turner appeared, begged for a ride, and jumped in.

The police, who had been chasing Reid and Turner, saw the white car on Hildreth's property and at the same time saw Hildreth turn from the driveway. An officer of the State Police activated his lights to pull Hildreth over. Hildreth stopped the car in a high school parking lot, and the officer approached. Noticing Turner in the back seat, the officer reached for his weapon. Turner pointed his gun at the officer and the officer fled. Turner then put the gun to the back of Hildreth's head, and said, "Drive." When Hildreth was too scared to drive, Turner ordered him out of the car and assumed the driver's seat. Before Turner could leave, officers surrounded the car. They arrested Turner and Reid, and recovered Turner's gun and the pillowcase with $12,000 in it.

*United States v. Turner*, 389 F.3d 111, 114 (4th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005).

In her motion, Reid states that she intends to seek § 2255 relief based on the recent Supreme Court case of *Rosemond v. United States*, 134 S. Ct. 1240 (2014). In *Rosemond*, the defendant had been convicted of aiding and abetting a cohort in using or carrying a firearm during and in relation to a drug offense, in violation of

18 U.S.C. § 924(c). The Court reversed the conviction, finding that it had been error not to instruct the jury that in order to convict, it was necessary that the government prove that the defendant had advance knowledge that a gun would be used. 134 S. Ct at 1251-52. Reid presumably would argue that this decision applies to the facts in her case.

Reid's problem is that she has previously filed an unsuccessful motion under § 2255. *See Reid v. United States*, No. 7:05CV00370, 2005 WL 3297444 (W.D. Va. Dec. 5, 2005) (denying motion because it stated no claim upon which relief could be granted). Without certification from the court of appeals, this court cannot consider a second or successive motion. *See* 28 U.S.C. § 2255(h). Moreover, the Supreme Court has not made its holding in *Rosemond* retroactive to cases on collateral review, thus foreclosing such a certification. *See* 28 U.S.C. § 2255(h)(2); *In re Vial*, 115 F.3d 1192, 1196-97 (4th Cir. 1997).

Accordingly, I do not find that Reid has presented sufficient grounds for obtaining the transcripts at public expense.

It is **ORDERED** that the motion (ECF No. 97) is DENIED.

ENTER: June 10, 2014

/s/ James P. Jones
United States District Judge