## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:03CR00012-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MERRIE ELLEN REID,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the defendant, the motion will be granted.  The defendant's previously imposed total sentence of imprisonment will be reduced to 300 months.

### I.

### A.

The defendant, Merrie Ellen Reid, seeks a reduction in her custodial sentence primarily based on two changes in the law which she asserts constitute  extraordinary and compelling reasons pursuant to § 3582(c)(1)(A)(i).  First, she argues that her

now-abolished 300-month "stacked" consecutive sentence under 18 U.S.C. § 924(c) creates an unjust disparity. Second, she argues that a disparity exists because at the time of her sentencing the court could not impose a sentence below the then-mandatory guideline range in order to account for her over-represented criminal history. I find the § 924(c) disparity to be extraordinary and compelling but not her second alleged disparity.

On August 27, 2003, Reid was sentenced by this court after a jury found her guilty of eight offenses resulting from a bank robbery and attempted flight by Reid and her co-conspirator, William Ivon Turner. After Turner left the bank, Reid drove the getaway car. She led police on a high-speed chase in one vehicle and the two then forced a citizen into driving her and Turner in another vehicle. Reid and Turner obtained $12,000 in cash from the bank, all of which was recovered following their capture. Reid did not enter the bank or actually handle a firearm. At the defendants' joint trial, she committed perjury by testifying that a mysterious third person, other than Turner, had actually robbed the bank, contrary to all of the creditable evidence.

Reid's Presentence Investigation Report (PSR) determined that she had a total offense level of 33 and a criminal history category of VI, which resulted in a sentencing guideline range of 235 to 293 months in prison. Reid had no criminal history until age 32 when she began to develop an addiction to crack cocaine. Over

the next four years she sustained ten convictions for minor crimes which she claims were a result of her addiction, including drug possession, trespassing (by sleeping) in vacant apartments, and prostitution.  The most she received for any of these crimes was six months incarceration.  Nevertheless, pursuant to the stacked mandatory minimums for the § 924(c) and the guidelines then-treated as mandatory, the court sentenced Reid to 572 months imprisonment.  This sentence consisted of concurrent terms totaling 188 months on all counts except for consecutive statutory mandatory minimum terms of 84 months and 300 months for each § 924(c) conviction.

Reid's direct appeal was unsuccessful.  *United States v. Reid*, 100 F. App'x 190 (4th Cir. 2004) (unpublished).  I denied her timely motion to vacate the judgment under 28 U.S.C. § 2255, *Reid v. United States*, No. 7:05CV00370, 2005 WL 3297444, at *1 (W.D. Va. Dec. 5, 2005), as well as a later permitted successive § 2255 motion, *United States v. Reid*, No. 1:03CR00012-002, 2019 WL 6525187, at *1 (W.D. Va. Dec. 4, 2019.)

Reid has been in custody since her arrest on December 26, 2002, the day of the bank robbery and Reid's and Turner's capture.  Her current projected release date is August 9, 2043, when she will be 77 years old.  She is now 55.

### B.

Reid's stacked § 924(c) sentences indeed present an extraordinary and compelling reason to reduce her overall sentence.  As noted, Reid was convicted of

two counts of possessing a firearm in furtherance of crimes of violence in violation

of 18 U.S.C. § 924(c).  At the time, a second or successive violation of the statute

resulted in a statutory mandatory consecutive minimum sentence of 25 years in

prison. 18 U.S.C. § 924(c)(1)(C)(i) (2000). Prior to § 403 of the First Step Act, this

stacking of § 924(c) violations in a single indictment were construed under the

existing statute as permissible. *Deal v. United States*, 508 U.S. 129, 137 (1993).

The First Step Act of 2018 changed the rule of the *Deal* case by amending the

statute.  It provided as follows:

> (a) IN GENERAL. —  Section 924(c)(1)(C) of title 18, United
> States Code, is amended, in the matter preceding clause (i),
> by striking "second or subsequent conviction under this
> subsection" and inserting "violation of this subsection that
> occurs after a prior conviction under this subsection has
> become final".

> (b) APPLICABILITY TO PENDING CASES. — This section,
> and the amendments made by this section, shall apply to any
> offense that was committed before the date of enactment of
> this Act, if a sentence for the offense has not been imposed
> as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-5194, § 403, 132 Stat. 5194, 5221-22 (2018),

amending 18 U.S.C. § 924(c)(1)(C).

Although I may not reduce Reid's sentence pursuant to a non-retroactive

change in sentencing law, the Fourth Circuit held in *United States v. McCoy*, 981

F.3d 271, 286 (4th Cir. 2020), that when deciding compassionate release motions

district courts may consider the severe length and disparateness of a defendant's

-4-

sentence in light of the revision of sentence-stacking under § 924(c).  A sentencing disparity no doubt exists in this case.  Reid is serving 384 months (32 years) for the stacked § 924(c) charges.  But if she were sentenced today, I would be required to impose no more than 168 months (14 years) in prison due to the 84-month consecutive mandatory minimums for the two § 924(c) charges in which the firearm was brandished.  Gov't's Resp. 12, ECF No. 177.[1]  In other words, Reid is serving 216 months (18 years) more than an offender could receive for the same crimes today.  I find this extraordinary and compelling disparity presents a reason to reduce Reid's sentence.

## C.

Reid has not carried her burden to show that the court's supposed inability to account for her over-represented criminal history when the guidelines were mandatory presents an extraordinary and compelling reason to reduce her sentence. After Reid was sentenced, the Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that the guidelines were advisory.  As stated, Reid's guidelines

---

[1]  Reid argues that it is likely at the time (the current available record not otherwise indicating) that the Indictment did not charge and the jury did not find that the firearm was brandished and thus the court should consider that if sentenced today, she would receive statutory mandatory minimum sentences of 60 months on each § 924(c) count, rather than 84 months.  But the evidence did show that the firearm was brandished in each incident and the fact that such was not required to be charged or found by the jury does not support an argument of disparate sentencing.

range called for at least 235 months in prison in part due to her criminal history category of VI.

Reid erroneously suggests that when she was sentenced, the court could not account for her over-represented criminal history when fashioning her sentence. That is not quite so. When Reid was sentenced the guidelines did, and still do, permit a downward departure upon a finding that the "defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4.A.1.3(b)(1). Reid's counsel objected to the PSR for that reason. PSR 22–23, ECF No. 174. Thus, even pre-*Booker* the court could have departed from the guidelines for overrepresenting Reid's criminal history. *Booker*'s change in law had no discernable effect on her sentence and does not constitute an extraordinary and compelling reason to reduce it.

Nevertheless, I credit Reid's argument that I may now consider the role that her addiction played in committing previous minor crimes when determining the proper sentence under 18 U.S.C. § 3553(a).

## D.

I must "reconsider[ ] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d

326, 332 (4th Cir. 2021). I find that a sentence of 300 months imprisonment is sufficient but not greater than what is necessary to meet the goals of § 3553(a) in Reid's case.

Based on Reid's history and characteristics, I find that this sentence would still be sufficient to afford adequate deterrence and protect the public. As stated, her criminal history is mild and addiction-driven. Since she had previously been sentenced to six months incarceration at most for her crimes, a significant period of incarceration in the BOP will no-doubt provide adequate deterrence. Moreover, she has already demonstrated progress toward rehabilitation from criminal life and substance addiction in the eighteen years that she has been incarcerated. She has received numerous awards for work programs and coursework and sustained no disciplinary infractions for narcotics or other prohibited substances. Finally, a term of 300 months imprisonment strikes an appropriate balance between respect for the law and just punishment for these serious crimes, while still accounting for Reid's history as a law-abiding person while sober. Because I find this sentence would be sufficient but no greater than necessary to meet the goals of § 3553(a), I will reduce her term of imprisonment as such.

II.

Accordingly, it is hereby **ORDERED** as follows:

1.      The Motion to Reduce Sentence, ECF No. 171, is GRANTED;

2.      Merrie Ellen Reid's total sentence is hereby REDUCED to 300 months, but not less than time served, consisting of 60 months as to Counts One and Five, 120 months as to Count Two, and 132 months as to count Six, and 132 months as to Counts Three and Seven, each to run concurrently, followed by 84 months as to Count Four and 84 months as to Count Eight, each to run consecutively to the sentences imposed for all other counts.  The judgment entered August 27, 2003, is to remain in effect as to all other terms thereof, including the term and conditions of supervised release; and

3.      The Clerk shall provide the Probation Office with a copy of this Opinion and Order and the Probation office shall transmit a copy to the Bureau of Prisons.

ENTER:   August 26, 2021

/s/  JAMES P. JONES
United States District Judge